UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL JACKSON,

    Plaintiff,

v.                                       Case No: 2:14-cv-318-FtM-38CM

ST. JUDE MEDICAL
NEUROMODULATION DIVISION,
MEDTRONIC, INC. and ALLSTATE
PROPERTY & CASUALTY
INSURANCE COMPANY,

    Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on Plaintiff Daniel Jackson's Motion to Remand (Doc. #15) filed on June 26, 2014. Defendant St. Jude Medical Neuromodulation Division ("Defendant St. Jude") filed a Response to Plaintiff's Motion to Remand (Doc. #20) on July 14, 2014, to which Defendant Medtronic, Inc. joined (Doc. #21). Plaintiff filed a Reply to Defendant's Response (Doc. #31) on August 4, 2014. Plaintiff's motion is ripe for review.

## **BACKGROUND**

On June 8, 2011, Plaintiff was injured in a motor vehicle accident. (Doc. #5 at ¶ 4). He was a passenger to a permissive driver when another vehicle rear-ended the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

vehicle in which he was riding. (Doc. #5 at ¶ 4). Roughly one year later, Plaintiff initiated this action against the owner and driver of the rear-ending vehicle (collectively "Car Accident Defendants") in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida. (Doc. #15 at 1).

On August 29, 2012, Plaintiff filed an Amended Complaint releasing the Car Accident Defendants and naming Defendant Allstate Property & Casualty Insurance Company ("Defendant Allstate"). (Doc. #15 at 2). Plaintiff included Defendant Allstate because it insured the vehicle he was riding in at the time of the accident. (Doc. #15 at 2). Plaintiff brought a breach of contract claim against Defendant Allstate for its alleged failure to make full and timely medical and disability payments for his injuries that stemmed from the automobile accident. (Doc. #5 at ¶¶ 6, 8; Doc. #15 at 2).

On December 13, 2013, Plaintiff filed a Second Amended Complaint (Doc. #5) in which he added St. Jude Medical and Medtronic, Inc. as defendants and set forth various products liability and negligence claims. Plaintiff purchased two medical devices from Defendants St. Jude and Medtronic before and after the accident, and both devices have allegedly malfunctioned. (Doc. #5 at ¶¶ 13, 44).

Defendants St. Jude and Medtronic were served with the Second Amended Complaint on May 8, 2014, and May 9, 2014, respectively. (Doc. #15 at ¶¶ 4-5). On June 9, 2014, St. Jude filed a Notice of Removal (Doc. #1) pursuant to 28 U.S.C § 1441. Defendants Allstate and Medtronic consented to the removal. (Doc. #3; Doc. #4). Plaintiff thereafter filed the instant Motion to Remand (Doc. #15), arguing the Court does not have

subject matter jurisdiction over this case due to a lack of diversity between Plaintiff and Defendant Allstate.[2]

## DISCUSSION

**A. Motion to Remand**

A defendant may remove a civil case from state court provided the case could have been brought in federal court. See 28 U.S.C. § 1441(a). Federal courts have original jurisdiction if there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). The party seeking removal bears the burden of establishing diversity jurisdiction as of the date of the removal. See Moreland v. SunTrust Bank, No. 2:13-cv-242-FtM-29UAM, 2013 WL 3716400, at *1 (M.D. Fla. July 15, 2013) (citing Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010); Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003)). Additionally, removal statutes are to be strictly construed, and any doubt as to the presence of jurisdiction should be resolved in favor of remand. See Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994); Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). With these principles in mind, the Court will address Plaintiff's Motion to Remand.

---

[2] Before turning to the merits of Plaintiff's Motion to Remand, the Court sees it fit to comment on several conflicting factual allegations in Plaintiff's papers. According to the Second Amended Complaint, Plaintiff was injured on August 22, 2009, when Defendant St. Jude's medical device allegedly malfunctioned. (Doc. #5 at ¶ 14). This date is inconsistent with Plaintiff's contention that he purchased this device on May 13, 2011. (Doc. #5 at ¶ 13). As best the Court can tell, this is a typographical error warranting clarification. Additionally, in Plaintiff's Motion to Remand, he states Defendant Medtronic's medical device was surgically implanted in his body prior to the accident. (Doc. #15 at 1). This statement conflicts with the Second Amended Complaint in which Plaintiff contends he "purchased" Defendant Medtronic's medical device roughly seventeen months after the accident. (Doc. #5 at ¶ 44).

Plaintiff argues the Court should remand this case to the Twentieth Judicial Circuit because he and Defendant Allstate are not diverse parties. (Doc. #15 at ¶ 22). According to Plaintiff, his breach of contract claim against Defendant Allstate is a "direct action" under 28 U.S.C. § 1332(c)(1), and thus he and Defendant Allstate are both citizens of Florida.

For the purposes of determining diversity, a corporation is generally deemed to be a citizen of every state in which it was incorporated, as well as the state in which it maintains its principle place of business. See 28 U.S.C. § 1332. Section 1332(c)(1) contains an exception for liability insurers in certain circumstances.

> [I]n any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of every State and foreign state of which the insured is a citizen.

28 U.S.C. § 1332(c)(1). In other words, § 1332(c)(1) treats insurers as if they are citizens of the same state as their insured in direct actions by third parties against those carries. See Kong v. Allied Prof'l Ins. Co., 750 F.3d 1295, 1299 (11th Cir. 2014) ("[I]f a third-party plaintiff brings a direct action against a tortfeasor's liability insurer, the insurer is considered a citizen of the insured's stated.").

Although not statutorily defined, courts have "'uniformly defined' the term 'direct action' to refer to those 'cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." Kong, 750 F.3d at 1299-1300 (quoting Fortson v. St. Paul Fire & Marine Ins. Co., 751 F.2d 1157, 1159 (11th Cir. 1985) (emphasis omitted)). A direct action does not exist unless the plaintiff's causes

4

of action against the insurer "is of such a nature that the liability sought to be imposed could be imposed against the insured[.]" Fortson, 751 F.2d at 1159. Applying these principles to the case at bar, the Court finds that § 1332(c)(1) does not preclude diversity jurisdiction.

Plaintiff's single argument in support of remand is simple – because he has been an insured under the subject insurance policy at all relevant times, his claim against Defendant Allstate is a direct action. (Doc. #15 at ¶ 17; Doc. #5 at ¶ 5). "Such a claim is not a 'direct action' against the insurer of a policy or contract of liability insurance,' within the meaning of § 1332(c)(1)." Castilla v. Nat'l Union Fire Ins. of Pittsburgh, Pa., 2011 WL 4916307, at *2 (S.D. Fla. Oct. 17, 2011). Even assuming Plaintiff is an "insured" under the subject insurance policy, the law is well settled that § 1332(c)(1) does not apply to cases in which the insured brings an action against his insurer. See Bowers v. Cont'l Ins. Co., 753 F.2d 1574, 1576-77 (11th Cir. 1985) ("The general rule has always been that the direct action proviso does not affect suits brought by an insured against his own insurer."); see also Kong, 750 F.3d at 1300 ("[F]or purpose of demonstrating diversity, a direct action is one in which an injured third-party claimant sues an insurance company for payment of a claim without first joining or obtaining judgment against the company's insured.").

Additionally, "the key feature of a direct action under § 1332(c) is, and always has been, the plaintiff's ability 'to skip suing the tort feasor and sue directly his insurance carrier.'" Kong, 750 F.3d at 1300 (quotation omitted). Plaintiff's cause of action against Defendant Allstate, however, does not involve tort claims or tortfeasors. He strictly brings a breach of contract claim for Defendant Allstate's alleged failure to make full medical and

5

disability payments owed to him under the subject insurance policy. (Doc. #5 at ¶¶ 1-9). Accordingly, the Court declines to apply § 1332(c)(1)(A) to Plaintiff's breach of contract claim. See Kenyon v. Fidelity & Guar. Life Ins. Co., No. 6:12-cv-951-Orl-36GJK, 2012 WL 4478983, at *2 (M.D. Fla. Sept. 11, 2012) ("In this case, Plaintiff alleges that Defendant breached the parties' contract by failing to pay life insurance benefits.  Thus, Plaintiff's action is not 'of such a nature that the liability sought to be imposed could be imposed against the insured.'"), *report and recommendation adopted by*, 2012WL 4478985 (M.D. Fla. Sept. 28, 2012).

Furthermore, "[i]f the cause of action is based on the insurer's duty and not the insured's duty, the action is not a direct action."  Jennings Constr. Servs. Corp. v. Ace Am. Ins. Co., No. 6:10-cv-1671, 2011 WL 1357689, at *2 (M.D. Fla. Mar. 16, 2011).  That is the situation here because Plaintiff has sued Defendant Allstate for not paying him benefits afforded under the subject insurance policy.  See John Cooper Produce, Inc. v. Paxton Nat'l Ins. Co., 774 F.2d 433, 435 (11th Cir. 1985) (stating the direct action exception to diversity jurisdiction applies "only if the claim which the third party has against the insured—for intentional tort, negligence, fraud, etc.— is the same one asserted against the insurance company as within the zone of primary liability for which the company issued the policy").  Plaintiff's cause of action is based on Defendant Allstate's duty, not any duty of an insured, and is therefore not a direct action.  This is not a situation in which the liability Plaintiff seeks to impose against Defendant Allstate, i.e., damages for breach of insurance policy, could also be imposed against an insured or the owner of the vehicle in which Plaintiff was riding in at the time of the accident.  See Jennings

Constr., 2011 WL 1357689, at *2 ("[Plaintiff] could not bring his claims of breach of Policy against the [two insureds].").

Thus, under the circumstances in this case, the Court is limited to examining Defendant Allstate's state of incorporation and principal place of business, which are Illinois, for purposes of determining diversity of citizenship. Since Plaintiff is a Florida citizen, Defendant Allstate and Plaintiff are diverse parties.

For the reasons explained above, Plaintiff's claim against Defendant Allstate is not a direct action within the meaning of § 1332(c)(1)(A) and diversity jurisdiction is not defeated. Accordingly, the Court denies Plaintiff's Motion for Remand.

### B. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and are obligated to inquire about jurisdiction *sua sponte* whenever it may be lacking. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (citations omitted). Under this framework, the Court will examine whether it may exercise jurisdiction over this case, focusing specifically on whether the amount in controversy exceeds $75,000 as to the breach of contract claim against Defendant Allstate.

As a preliminary matter, "[t]he general rule with respect to the aggregation of the claims of a plaintiff against two or more defendants is that 'where a suit is brought against several defendants asserting claims against each of them which are separate and distinct, the test of jurisdiction is the amount of each claim, and not their aggregate.'" Jewell v.

Grain Dealers Mut. Ins. Co., 290 F.2d 11, 13 (5th Cir. 1961) (quotation omitted).[3] Simply put, where a plaintiff names multiple defendants in a single action and asserts separate and distinct claims against each defendant, the amount in controversy must exceed $75,000 for each claim.  Here, Plaintiff asserts one breach of contract against Defendant Allstate for medical and disability payments provided in the subject insurance policy.  His remaining products liability and negligence claims target Defendants St. Jude and Medtronic for medical devices that were surgically implanted in his body.  The Court finds these claims to be separate and distinct.

Plaintiff demands damages "in excess of $15,000" because Defendant Allstate has allegedly denied him payment under the medical and disability payment provisions afforded in the insurance policy.  (Doc. #5 at ¶¶ 1, 8).  "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."  See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed."  Williams, 269 F.3d at 1319.

After reviewing the Second Amended Complaint and Notice of Removal, it is unclear whether the breach of contract claim exceeds $75,000.  In response to an interrogatory, Plaintiff submitted a hospital billing statement (Doc. #1-3 at 9-10, 16) that lists $173,156.31 in total medical expenses.  It appears, however, $162,972.38 has been

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1208 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions that the former Fifth Circuit issued before the close of business on September 30, 1981.

paid and Defendant Allstate is listed several times as a payee for the expenses. (Doc. #1-3 at 16). As it stands, the Court is uncertain whether Plaintiff seeks $10,183.93 of unpaid bills, or a greater amount exclusive of any costs for bringing this action. The Court, therefore, directs Defendants to show good cause as to why the claim against Defendant Allstate exceeds $75,000.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Daniel Jackson's Motion to Remand (Doc. #15) is **DENIED**.

(2) Defendant Medtronic, Inc.'s Notice of Joinder in Defendant St. Jude Medical Neuromodulation Division's Response In Opposition to Plaintiff's Motion to Remand and Further Memorandum In Opposition and Request For Severance (Doc. #23) is **DENIED** as moot.

(3) Defendants St. Jude and Medtronic are **ORDERED** to show cause as to why the amount in controversy exceeds $75,000 as to Defendant Allstate Property and Casualty Insurance Company on or before **October 3, 2014**.

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of September, 2014.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record