UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL JACKSON,

    Plaintiff,

v.                                          Case No: 2:14-cv-318-FtM-38CM

ST. JUDE MEDICAL
NEUROMODULATION DIVISION,
MEDTRONIC, INC. and ALLSTATE
PROPERTY & CASUALTY
INSURANCE COMPANY,

    Defendants.
_____/

## **ORDER**[1]

This matter is before the Court on Defendant Advanced Neuromodulation Systems, Inc. d/b/a St. Jude Medical Neuromodulation Division's[2] Response to Order to Show Cause (Doc. #53) and Defendant Medtronic, Inc.'s Notice of Joinder in Defendant St. Jude Medical Neuromodulation Division's Response to Order to Show Cause and Renewal of Request for Severance (Doc. #54), both of which were filed on October 3, 2014.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] Defendant St. Jude notes that Plaintiff's Second Amended Complaint proposes to name "St. Jude Medical Neuromodulation Division" as a defendant in this matter. However, as the manufacturer of the medical device Plaintiff Daniel Jackson alleges was implanted in his body, Advanced Neuromodulation Systems, Inc. d/b/a St. Jude Medical Neuromodulation is the proper party to this action. (Doc. #53 at 1).

**BACKGROUND**

On June 8, 2011, Plaintiff was injured in a motor vehicle accident. (Doc. #5 at ¶ 4). Roughly one year later, Plaintiff initiated this personal injury action against the other driver in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida ("Twentieth Judicial Circuit Court"). (Doc. #15 at 1).

On August 29, 2012, Plaintiff filed an Amended Complaint naming Defendant Allstate Property & Casualty Insurance Company ("Defendant Allstate"). (Doc. #15 at 2). Defendant Allstate is Plaintiff's automobile insurer. Plaintiff alleged a single breach of contract claim against Defendant Allstate for its alleged failure to make full and timely medical and disability payments for his injuries that stemmed from the automobile accident. (Doc. #5 at ¶¶ 6, 8; Doc. #15 at 2).

On December 13, 2013, Plaintiff filed a Second Amended Complaint (Doc. #5) in which he added St. Jude Medical Neuromodulation Division ("Defendant St. Jude") and Medtronic, Inc. ("Defendant Medtronic") as defendants and set forth various products liability and negligence claims. Plaintiff purchased two medical devices from Defendants St. Jude and Medtronic before and after the accident, and both devices have allegedly malfunctioned. (Doc. #5 at ¶¶ 13, 44). On June 9, 2014, Defendant St. Jude timely filed a Notice of Removal (Doc. #1) to which Defendants Allstate and Medtronic consented (Doc. #3; Doc. #4).

Plaintiff thereafter filed a Motion to Remand (Doc. #15), arguing the Court lacked subject matter jurisdiction over this case because he and Defendant Allstate were not diverse parties. According to Plaintiff, his breach of contract claim against Defendant Allstate was a "direct action" under 28 U.S.C. § 1332(c)(1), and thus he and Defendant

2

Allstate were both citizens of Florida.  By Order dated September 22, 2014 (Doc. #50), the Court denied Plaintiff's motion.  Though unconvinced by Plaintiff's diversity of citizenship arguments, the Court noted that the Second Amended Complaint and Notice of Removal were unclear as to whether the breach of contract claim against Defendant Allstate satisfied the amount in controversy requirement set forth in 28 U.S.C. § 1332(a). (Doc. #50 at 8-9).  Since the Court was uncertain whether Plaintiff sought only $10,183.93 in unpaid bills, or a greater amount, the Court directed Defendants to show cause as to why the claim against Defendant Allstate satisfied the $75,000 threshold.  (Doc. #50 at 8-9).  In accord with the Court's direction, Defendants St. Jude and Medtronic filed responses (Doc. #53; Doc. #54), which the Court now considers.

## STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction and are obligated to inquire about jurisdiction *sua sponte* whenever it may be lacking.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (citations omitted).  A defendant may remove a civil case from state court provided the case could have been brought in federal court.  See 28 U.S.C. § 1441(a).  Federal courts have original jurisdiction if the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship among the parties.  See 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).  The defendant seeking removal bears the burden of establishing diversity jurisdiction as of the date of the removal.  See Moreland v. SunTrust Bank, No. 2:13-cv-242-FtM-29UAM, 2013 WL 3716400, at *1 (M.D. Fla. July 15, 2013) (citing Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010); Sammie

Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003)). Removal jurisdiction raises significant federalism concerns, and thus removal statues are to be strictly construed. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Any doubt as to the presence of jurisdiction should be resolved in favor of remand. See Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001); Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).

With these principles in mind, the Court will address whether it has diversity jurisdiction over this case.

## DISCUSSION

### A. Amount in controversy

In the Second Amended Complaint, Plaintiff demands damages "in excess of $15,000." (Doc. #5 at ¶¶ 1, 8). According to Plaintiff, Defendant Allstate has denied him compensation under the medical and disability payment provisions afforded in the relevant insurance policy. (Doc. #5 at ¶¶ 1, 8). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams, 269 F.3d at 1319.

Defendant St. Jude presents two arguments as to why the amount in controversy exceeds $75,000 as to Defendant Allstate: (1) the total medical charges, exclusive of any write offs and adjustments, for Plaintiff's injuries exceeded the jurisdiction minimum; and

(2) Plaintiff made a pre-suit settlement demand to Defendant Allstate for $300,000. ([Doc. #53 at 2-5](#)). The Court is unpersuaded.

Defendant St. Jude falls short of demonstrating that Plaintiff's medical bills establish the required amount in controversy. Prior to removal, Plaintiff responded to a discovery request that asked him to "[l]ist each item of expense or damage . . . that you claim to have incurred as a result of the incident described in the Complaint" with a Special Damages form. ([Doc. #1-3](#)). Plaintiff listed $173,156.31 as the total charges for the medical services he received. ([Doc. #1-3 at 9-10](#)). Of the $173,156.31 charged, $79,639.33 represented write offs and adjustments, which left $93,516.98 as the actual amount of medical expenses charged. ([Doc. #1-3 at 9-10](#)). Of the $93,516.98, Defendant Allstate, Plaintiff, and WEB TPA, a third party administrator for private health insurance, paid $83,333.05. ([Doc. #1-3 at 9-10](#)). Since $83,3330.05 had been paid, the remaining unpaid amount of medical expenses totaled $10,183.93. ([Doc. #1-3 at 9-10](#)).

Defendant St. Jude acknowledges "only $10,183.93 remained to be paid following payments made by Allstate, WEB TPA, and Plaintiff." ([Doc. #53 at 3](#)). But, it argues "the total medical bills, regardless of payments by Allstate or adjustments and write-offs, total in excess of $75,000[.]" ([Doc. #53 at 3](#)). As support, Defendant St. Jude cites to two cases in which the courts "rejected the plaintiff's argument that the amount in controversy requires assessment of balance of medical bills after insurance adjustments[.]" ([Doc. #53](#) at 3 (citing [Stramiello v. Petsmart, Inc., No. 8:10-cv-659-T-33TGW, 2010 WL 2136550 (M.D. Fla. May 26, 2010)](#) and [Henry v. K-Mart Corp. No. 8:10-cv-2105-T-33MAP, 2010 WL 5113558 (M.D. Fla. Dec. 9, 2010)](#)). Defendant St. Jude's reliance on <u>Stramiello</u> and <u>Henry</u> is misplaced.

5

In Stramiello, plaintiff filed suit in state court against Petsmart, Inc. for injuries she suffered in a slip and fall accident in defendant's store. Stramiello, 2010 WL 2136550, at *1. Petsmart removed the case to federal court on grounds of diversity jurisdiction after receiving documentation showing plaintiff's medical bills totaled $104,351.92. Id. Plaintiff moved to remand, explaining she could only recover $22,446.95 in damages under Florida Statute § 768.76's set off provision because her health insurance company had paid $85,904.97 toward the medical bills. Id., at *1, 3. Since she would be entitled to less than $75,000, plaintiff averred Petsmart had not established the amount in controversy for federal jurisdiction. The court found plaintiff's argument unpersuasive because it "fail[ed] to account for the fact that the [c]ourt must look to the amount in controversy at the time of the removal." Id., at *4. According to the court, "subject matter jurisdiction is not defeated simply because the parties might anticipate a future reduction in recoverable damages." Id.; see also Henry, 2010 WL 5113558, at *4 (agreeing with Stramiello that collateral source setoffs are not relevant to calculating jurisdiction amount at time of removal).

Although attractive at first blush, Stramiello and Henry are distinguishable from the case at hand. The cornerstone of the courts' jurisdictional decisions in Stramiello and Henry was Florida Statute § 768.76. This section prohibits a plaintiff in a tort action from recovering damages for expenses that have already been paid through a collateral source. Fla. Stat. § 768.76. But, the instant case does present a situation in which a future set off is at issue under § 768.76. Instead, the vast majority of Plaintiff's medical care had been paid at the time of removal, and been paid directly by Defendant Allstate. In effect, Defendant St. Jude argues all of Plaintiff's medical expenses – even those

Defendant Allstate was neither charged nor paid – go to the total amount in controversy. But, Defendant St. Jude has neither offered persuasive authority nor pointed to a document in the record for the Court to determine the amount in controversy is anything more than $10,183.93.

The Court finds the Northern District of Oklahoma's decision in Singleton v. Progressive Direct Ins. Co., No. 13-CV-785, 2014 WL 4437769 (N.D. Okla. Sep. 9, 2014) to be instructive on this issue. In Singleton, defendant insurance company argued that the plaintiff's breach of contract claim had value in excess of $75,000, relying particularly on the plaintiff's pre-suit demand seeking recovery to the limits of the insurance policy. It was undisputed, however, that defendant had already paid plaintiff $100,000, the full extent of coverage under her policy. In finding plaintiff's breach of contract claim not to satisfy the amount-in-controversy requirement, the court reasoned:

> [w]here [plaintiff] has already received [defendant's] payment of $100,000 for the [insurance] benefits under her policy, however, she cannot seek to recover that amount again . . . The value of [plaintiff's] breach of contract claim, then, must exclude the value of [the insurance] policy benefits [defendant] had already paid. The value of the claim is instead limited to damages from [defendant's] alleged failure to "pay policy benefits in a timely manner and to perform a reasonable valuation of [plaintiff's] claim." [Plaintiff's] petition does not assign a specific value to these damages, and [defendant] provides no facts in its notice of removal to suggest that the value of this portion of her claims even remotely approaches $75,000.

Singleton, 2014 WL 4437769, at *3 (footnote omitted). As in Singleton, Defendant Allstate has already paid a portion of Plaintiff's medical expenses (Doc. #53-1), and thus the value of Plaintiff's breach of contract claim shall be limited to the damages Defendant Allstate has failed to pay.

Next, Defendant St. Jude argues Plaintiff's pre-suit demand to Defendant Allstate for $300,000 is further evidence that he seeks damages in excess of $75,000. ([Doc. #53 at 4](); [Doc. #53-3]()). This argument misses the mark. In the demand letter to Defendant Allstate, Plaintiff made a blanket demand for the limits of his uninsured motorist policy (i.e, $300,000). ([Doc. #53-2]()). For reasons known only to Plaintiff, he did not itemize the medical expenses he had incurred up until that time. See [Mick v. De Vilbiss Air Power Co., No. 6:10–cv–1390, 2010 WL 5140849, at *2 (M.D. Fla. Dec. 14, 2010)]() ("A demand letter devoid of facts enabling the receiver to evaluate the claim may be considered 'nothing more than mere posturing'."); [Reynolds v. Busch Entertainment Corp., No. 8:03-cv-288-T-17MSS, 2003 WL 25569730, at *5 (M.D. Fla. June 18, 2003)]() ("Although the [p]laintiff's demand letter ma[de] one specific statement concerning [p]laintiff's annual salary, the remaining allegations in the letter d[id] not set forth any specific details as to the amount of damages. Instead, the demand letter merely makes broad statements concerning the types of injuries and treatments which may be required.").

Defendant St. Jude unpersuasively attempts to counter this glaring deficiency in Plaintiff's demand to Defendant Allstate by pointing to an independent demand offer Plaintiff made to Progressive Insurance Company, the insurance company for the other vehicle involved in the underlying automobile accident. ([Doc. #53 at 4](); [Doc. #53-3]()). Specifically, Plaintiff demanded $500,000 from Progressive as "compensation for [Plaintiff's] pain, suffering, discomfort, inconvenience, physical limitations and restrictions, and loss of the ability to enjoy life" ([Doc. #53-3 at 3]()); and, in that letter, Plaintiff itemized $162,177.91 of medical expenses he had incurred ([Doc. #53-3 at 2]()). According to Defendant St. Jude, Plaintiff's itemization is "further evidence of his valuation of the claim"

against Defendant Allstate. (Doc. #53 at 4-5). Plaintiff's demand letter to Progressive, however, is alone insufficient evidence of his view of the amount in controversy as to Defendant Allstate. Since Defendant St. Jude has offered no case law indicating otherwise, the Court declines to engage in speculation in order to create jurisdiction. See Russell, 264 F.3d at 1050 (stating any doubt as to the presence of jurisdiction should be resolved in favor of remand).

Accordingly, the Court finds that the amount in controversy as to Defendant Allstate does not exceed the threshold minimum of $75,000 and remands this case.

**B. Severance under Rule 21 of the Federal Rules of Civil Procedure**

Citing to Rule 21 of the Federal Rules of Civil Procedure, Defendants St. Jude and Medtronic argue, in the alternative, that if the Court finds the amount in controversy requirement has not been met, the Court should sever and remand only the breach of contract claim against Defendant Allstate. (Doc. #53 at 5).[3] Rule 21 grants the Court discretion to "sever any claim against a party." Fed. R. Civ. P. 21.

As previously noted, Plaintiff moved the Twentieth Judicial Circuit Court for leave to amend the First Amended Complaint in order to add the products liability and negligence claims against Defendants St. Jude and Medtronic. (Doc. #7-1 at 106-19). The Twentieth Judicial Circuit Court granted the motion (Doc. #7-2 at 6), and Plaintiff filed the Second Amended Complaint (Doc. #5) on December 13, 2013. The Court will defer

---

[3] Defendants St. Jude and Medtronic advise the Court that they incorporate by reference their arguments for misjoinder from their previous filings. (Doc. #53 at 5; Doc. #54 at 1). The Court has again reviewed the parties' previous papers in considering their instant motion. The Court, however, finds it fitting to remind Defendants of Middle District of Florida Local Rule 3.01(a), which reads "[i]n a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in *a single document* not more than twenty-five (25) pages." M.D. Fla. Local R. 3.01(a) (emphasis added).

to the Twentieth Judicial Circuit Court's consideration and decision in allowing Plaintiff to pursue her claims against Defendants in a single action.  See Burns, 31 F.3d at 1095 ("Federal courts are courts of limited jurisdiction.  While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim.").  The state court is the proper tribunal to decide any issue of severance.

Accordingly, it is now

**ORDERED:**

(1) This case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

(2) The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

(3) The Clerk is **DIRECTED** to close this case, terminate any scheduled hearings and deadlines, and deny any pending motions as moot.

**DONE** and **ORDERED** in Fort Myers, Florida this 20th day of October, 2014.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record